IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **CHENETRAL EVANS** § | | IN THE U.S. DISTRICT COURT |
| § | | |
| Plaintiff, § | | EASTERN DISTRICT |
| § | | |
| **EAST TEXAS FAMILY MEDICINE, PA** § | | TYLER, TEXAS |
| **DEAN FRENCH, MD** § | | |
| **ALLEN MILLS, MD** § | | |
| **JOHN M. KLIEN, MD** § | | |
| **SIDNEY CHADWELL, DO** § | | |
| Defendants, § | | |

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT, JURY DEMAND, AND REQUEST FOR DISCLOSURE</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Chenetral Evans brings this suit for: employment discrimination based on race and retaliation via wrongful termination, against her former employer East Texas Family Medicine, PA; Dean French, MD; Allen Mills, MD; John M. Klien, MD; and Sidney Chadwell, DO, and respectfully shows the Court as follows:

## I.     JURISDICTION AND VENUE

1. This court has subject matter jurisdiction because Title VII of the Civil Rights Act 1964 prohibits racial discrimination and retaliation in employment. 42 U.S.C. § 2000 E-2(a) confers jurisdiction by bringing a federal question to the attention of this court, and 42 U.S.C. 1981 prohibits discrimination in the making and enforcement of contracts (including at-will employment) and subject defendants to individual liability.

2. Venue is proper in this district under 28 U.S.C. § 1391 (b) (2) since all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Anderson, County Texas.

## II.     PARTIES

3. Plaintiff, Chenetral Evans, is an individual African- American female and resides at 660 Anderson County Rd 3721 Palestine, Texas 75803.

4. A copy of this Complaint can be served upon Defendants at their registered agent Mr. Delaney French at 4201 S. Loop 256 Palestine, Texas 75801.

### III.   JOINDER OF PARTIES

5. Joinder is appropriate pursuant to Federal Rule of Civil Procedure 20 (a)(2) because this suit arises out of the same transaction, occurrence, and the questions of law and facts are common to all defendants.

### IV.   FACTS

6. Plaintiff, an African American female, began working for Defendant approximately 18 years ago as a Medical Assistant prior to being promoted to Charge Nurse.

7. Plaintiff alleges she was terminated out of retaliation for *her involvement* in the Black Lives Matter (BLM) movement, a movement that rebukes racial discrimination and oppression of African Americans.

8. Plaintiff maintains a social media cite on Facebook in which she has nearly 6,000 followers, in which at the time of defendant's wrongful acts, her site addresses issues of police brutality against African American males, and the murder of George Floyd by police officers Derek Chauvin, and to a lesser extent Thomas Lane, J. Alexander Kueg and Tou Thao.

9. Having found out about Plaintiff's stance on Black Lives Matter movement, Defendant informed Plaintiff that some of his patients may be offended by her social media post and that the same could affect his business negatively.

10. Plaintiff refusal to separate from Black Lives Matter movement and abandon her stance against racial injustice is the reason *she* was wrongfully terminated.

11. Had Plaintiff dropped advocating for racial equality on her spare time, defendants would not have terminated Plaintiff. This includes Associational Discrimination.

12. Defendant then called Plaintiff into the office to learn more about her participation and support for BLM, and thereafter informed her that: Black Lives Matter as a movement was stupid, a waste of time, political, just as many white men were also killed by black police, George Floyd death was no different, President Obama ruined America, informed Plaintiff that "racism" do not exist, then: asked Plaintiff if she thought he was racist.

13. Having answered in the affirmative on the question of whether defendant is racist, defendant thereafter: stopped speaking to plaintiff, communicated via sticky notes, communicated via third person, and scold plaintiff for being 4 minutes late for work, when in the past 18 years, said tardiness would not have been on the radar.

14. Defendant's behavior caused other employees to shun plaintiff over her involvement with Black Lives Matter, making her feel unwanted at work.

15. Plaintiff informed defendant she wishes to retire. However, defendant would not accept retirement, thereafter, Plaintiff tendered her resignation due to defendant outrageous conduct.

16. Plaintiff has filed a complaint with the Equal Employment Opportunity Commission and has obtained a right to sue letter issued June 28, 2022. (Attached Exhibit 1).

## V.    CAUSE OF ACTIONS

17. Racial Discrimination, Retaliation, and Hostile Work Environment and incorporates the allegations contained in the above paragraphs as if fully stated herein.

18. Having constructively terminated or forced Plaintiff to resign is a violation of federal laws as stated within this Complaint and paragraphs fully incorporated.

19. As a result of Defendant's violations Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future) in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit for which she hereby sues.

20. Plaintiff has suffered compensatory damages in the form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and other losses, for which she hereby sues.

21. To redress the injuries sustained by Plaintiff on account of Defendant's discriminatory and retaliatory actions, Plaintiff have retained the undersigned counsel to represent her in this action. Plaintiff therefore seek recovery of reasonable attorney's fees, experts' fees, and cost.

22. As a result of these willful violations of the Title VII of the 1964 Civil Rights Act and other federal and state laws, Plaintiff request she be awarded all compensatory and punitive damages.

## VI.   JURY DEMAND

23. Plaintiff hereby demands a trial by jury on all claims and defenses in this action.

## VII.   REQUEST FOR DISCLOSURE

24. Plaintiff's request initial disclosures pursuant to Fed. R. Civ. P. 26(a).

## VIII.  PRAYER

**WHEREFORE**, Plaintiff, respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

  i.   Back pay, including but not limited to, lost wages (Salary and Commission) and other employment benefits;

  ii.  Reinstated to her position of employment, equivalent position of employment, or the position of employment she would have enjoyed but for the discrimination and retaliation;

  iii. In the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for constructive termination;

  iv.  Judgement against Defendants for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

  v.   Actual and punitive damages; and

      vi.      Such other and further relief to which Plaintiff is justly entitled.

Date: December 5, 2022

Respectfully submitted,

/s/Bradrick J. Collins
Attorney for Movant
State Bar No. 24121267
The Law Office of Bradrick J. Collins, PLLC.
Address: P.O. Box 851937
Mesquite, TX 75185
Tel: 469-883-6207
Email: attorneybradrickcollins@gmail.com