IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHENETRAL EVANS, § § | |
| **Plaintiff,** § § § | CIVIL ACTION NO. 6:22-CV-00374-JDK |
| v. § § § | |
| EAST TEXAS FAMILY MEDICINE, PA, § MD DEAN FRENCH, MD ALLEN § MILLS, MD JOHN M. KLIEN, DO § SIDNEY CHADWELL, § § | |
| **Defendants.** | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court is Defendants' Dean French, MD, Allen Mills, MD, John M, Klien, MD, and Sidney Chadwell, DO ("Individual Defendants") and East Texas Family Medicine, PA, (collectively, "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 10.) Plaintiff Chenetral Evans has filed a response (Doc. No. 11), to which Defendants have filed a reply (Doc. No. 12). Upon consideration of the parties' arguments, the court **RECOMMENDS** that Defendants' motion (Doc. No. 10) be **GRANTED** as set forth herein.  The court also **RECOMMENDS** that Plaintiff be granted leave to amend her complaint.

### BACKGROUND

Plaintiff filed this action against Defendants on September 23, 2022. (Doc. No. 1.) Thereafter, on December 5, 2022, Plaintiff filed an amended complaint, which is the live complaint in this action. (Doc. No. 8.) Plaintiff alleges claims of race discrimination, retaliation, and hostile

1

work environment pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-(2)(a), -3(a) ("Title VII") and 42 U.S.C. § 1981. (Doc. No. 8, at ¶ 1.)

Plaintiff's amended complaint alleges that she is an African American female who was formerly employed by East Texas Family Medicine for eighteen years in various positions ranging from medical assistant to charge nurse. *Id.* at ¶ 6. Plaintiff contends that she maintains a social media page where she has 6,000 followers and uses her profile to address police brutality and promote Black Lives Matter ("BLM"). *Id.* at ¶¶ 7–8. Plaintiff alleges that after discovering Plaintiff's BLM posts, one of the Individual Defendants[1] informed her that he was concerned that his patients would be offended by her posts and that her posts could negatively affect his business. *Id.* at ¶ 9. Defendant later called Plaintiff into his office to learn more about her participation and stance on BLM. *Id.* at ¶ 12.

Plaintiff contends that one of the Individual Defendants told her that BLM was stupid and a waste of time, white men were also killed by black police, George Floyd's death was no different, and President Barack Obama ruined America. *Id.* He then informed her that racism did not exist and asked if Plaintiff thought he was racist. *Id.* Plaintiff alleges that after admitting that she thought he was racist, Defendant stopped all verbal communication with Plaintiff and only communicated via sticky notes. *Id.* at ¶ 13. She also alleges that he scolded her for being four minutes late to work, when he never reprimanded her for similar behavior in the past. *Id.* Plaintiff maintains that the behavior of one of the Individual Defendants caused other employees to ignore her, which made her feel unwelcome in her workplace. *Id.* at ¶ 14. She alleges that she informed Defendant that she wanted to retire, but he refused to accept her retirement, which forced her to resign. *Id.* at

---

[1] Plaintiff does not specify which of the Individual Defendants she is referring to.

2

¶ 15. Plaintiff contends that she was wrongfully terminated because she refused to stop advocating for BLM. *Id.* at ¶ 10–11.

Based on these facts, Plaintiff claims that Defendants engaged in unlawful employment practices in violation of Title VII and Section 1981. *Id.* at ¶ 1. Defendants move to dismiss Plaintiff's race discrimination and retaliation claims against East Texas Family Medicine and all claims against the Individual Defendants for failure to state a claim pursuant to Rule 12(b)(6). (Doc. No. 10, at 2.) Plaintiff requests leave to amend her complaint if the court finds that she failed to state a claim on any of the challenged claims. (Doc. No. 11, at 3.) Defendants also request an extension of time to answer Plaintiff's amended complaint on the remaining claims. (Doc. No. 10, at 10.)

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendants move to dismiss Plaintiff's race discrimination and retaliation claims against East Texas Family Medicine and all claims against the Individual Defendants. (Doc. No. 10, at 2.)

### A. Race Discrimination Claim Against East Texas Family Medicine

Defendants contend that Plaintiff's race discrimination claim should be dismissed because Plaintiff fails to allege that East Texas Family Medicine discriminated against her because of her race. (Doc. No. 10, at 3–4.) Defendants also argue that Plaintiff's associational discrimination claim should be dismissed because she fails to allege that she was terminated because of her own race. *Id.* at 5–6. Citing *Deffenbaugh-Williams v. Wal-Mart Stores Inc.*, 156 F.3d 581, 589 (5th Cir. 1998), Plaintiff contends that the Fifth Circuit recognizes associational discrimination claims. (Doc. No. 11, at 1–2.)

Plaintiff appears to bring her race discrimination claim under Title VII and Section 1981. (Doc. No. 8, at ¶¶ 1, 22.) Title VII makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.

4

§ 2000e-2(a)(1). There are two theories of liability for discrimination under Title VII: disparate impact and disparate treatment. Plaintiff does not specify which theory she brings her claim under. To state a claim under disparate impact theory, the plaintiff must identify a neutral employment practice that causes a proportionally adverse effect on a protected class. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 275–76 (5th Cir. 2008). Meanwhile, to state a claim under disparate treatment theory, the plaintiff must show that her employer intentionally treated her unfairly because of her race. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1523 (5th Cir. 1993); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Regardless of which theory Plaintiff proceeds under, she needs to allege sufficient facts to support a claim that she suffered adverse employment action because of her race. *See* 42 U.S.C. § 2000e-2(a)(1).

Section 1981 guarantees that all persons in the United States have the same contractual rights as white citizens. 42 U.S.C. § 1981(a). The statute only applies to race discrimination claims. *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 344 (5th Cir. 1981). Like Title VII, to state a claim under Section 1981, the plaintiff must show that she suffered adverse employment action because of her race. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n.2 (5th Cir. 1996); *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

The Fifth Circuit has also recognized associational race discrimination claims under Title VII and Section 1981. *See Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 249 (5th Cir. 2009). Associational race discrimination claims are predicated on an employer's racial animus towards an employee because of her association with persons of a certain race. *Id.* at 250.

In her facts section, Plaintiff generally alleges facts that could support any of her three listed causes of action, race discrimination, retaliation, and hostile work environment. Plaintiff

5

does not, however, set forth her causes of action by citing the law she is bringing each claim under, listing the elements of each claim, or alleging facts specific to each claim.

Factually, Plaintiff alleges that she is an African American woman. (Doc. No. 8, at ¶ 6.) She also alleges that she was wrongfully terminated because of her refusal to separate from the BLM movement and abandon her stance on racial injustice. *Id.* at ¶ 10. These allegations, even when taken as true, fail to show that she suffered adverse employment action because of her race or because of East Texas Family Medicine's racial animus towards her due to her association with persons of a certain race. Thus, Plaintiff has not met her pleading burden with respect to her race discrimination claim. In her amended complaint, Plaintiff should clearly state the applicable law for her race discrimination claim and allege specific facts supporting each element of the claim.

### B. . **Retaliation Claim Against East Texas Family Medicine**

Next, Defendants argue that Plaintiff's retaliation claim against East Texas Family Medicine should be dismissed because she did not engage in protected activity. (Doc. No. 10, at 8.) Plaintiff did not respond to Defendants' argument.[2] To state a claim for retaliation under Title VII or Section 1981, Plaintiff must show that she participated in activity protected by Title VII and suffered adverse employment action because of it. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). An employee has engaged in protected activity if she has: (1) opposed any unlawful employment practice; or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e–3(a); *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 427–28 (5th Cir. 2000). Additionally, for a retaliation claim under Section 1981, a plaintiff must plausibly allege facts showing that "race was a but-for cause"

---

[2] If Plaintiff has abandoned her retaliation claim, as evidenced by her failure to respond, her amended complaint should not include a retaliation claim.

of her injury. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S.Ct. 1009, 1014 (2020).

Although Plaintiff alleges that she was terminated out of retaliation for her involvement with BLM (Doc. No. 8, at ¶ 7), Plaintiff fails to allege facts supporting that association with BLM is a protected activity. Plaintiff's allegations, without more, fail to state a claim for retaliation. In her amended complaint, Plaintiff should clearly state the law she brings her retaliation claim under and allege specific facts showing that she engaged in a protected activity and suffered adverse employment action because of it.

### C.  All Claims Against Individual Defendants

Defendants contend that all claims against the Individual Defendants should be dismissed because Title VII does not provide for individual liability and, even if it did, Plaintiff's failure to include the Individual Defendants in her EEOC charge forecloses her claims against them now. (Doc. No. 10, at 9.)  Defendants also assert that Plaintiff does not allege facts supporting individual liability under Section 1981. (Doc. No. 12, at 3.) Plaintiff contends that Section 1981 permits individual liability. (Doc. No. 11, at 3.)

Defendants are correct in that the Fifth Circuit does not recognize individual liability for claims under Title VII. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."). Plaintiff therefore fails to state a claim against the Individual Defendants for race discrimination, retaliation, or hostile work environment under Title VII. While the Fifth Circuit has recognized individual liability under Section 1981 in certain circumstances, Plaintiff has not alleged such a claim. *See Faraca v. Clements*, 506 F.2d 956, 958–60 (5th Cir. 1975) (affirming a damage award under Section 1981 against an individual director who refused to hire the plaintiff). Throughout

7

Plaintiff's amended complaint, she refers to an unidentified defendant. (Doc. No. 8.) She does not allege any facts concerning the Individual Defendants to support individual liability under Section 1981. Plaintiff therefore fails to state a claim for race discrimination against the Individual Defendants under Section 1981.

### D. Plaintiff's Request for Leave to Amend

Plaintiff requests leave to amend her complaint if the court determines that any of the challenged claims fail to state a claim under Rule 12(b)(6). (Doc. No. 11, at 3.) Defendants do not respond to Plaintiff's request and the court therefore presumes that Defendants have no opposition to amendment. *See* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

Under Rule 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In considering whether to grant a plaintiff's request for leave to amend her complaint, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The only factor at issue here is futility. Amendment of the complaint is futile where no set of facts would entitle the plaintiff to relief. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

As to Plaintiff's Title VII claims against the Individual Defendants, amendment would be futile as the Fifth Circuit does not recognize individual liability on those claims. *See Smith*, 298 F.3d at 448. Thus, the Plaintiff should not be allowed to amend her complaint with respect to those claims and the court **RECOMMENDS** that Plaintiff's Title VII claims against the Individual Defendants be **DISMISSED** with prejudice. As to the remainder of her allegations, it does not appear beyond doubt that no set of facts would entitle Plaintiff to relief. The court therefore finds that amendment of the complaint would not be futile as to the remaining claims. In her amended complaint, Plaintiff should individually set forth each claim she is asserting along with the applicable law and specific facts supporting each element of her claims. She should also identify who she is bringing the cause of actions against, clearly identifying each Individual Defendant involved and how they are involved. Failure to do so may result in dismissal of her claims. The court **RECOMMENDS** that Plaintiff file her amended complaint within 14 days.

### E. Defendants' Request for Extension of Time to Respond to Complaint

Lastly, Defendants request an extension of time to file an answer to the remaining claims in Plaintiff's amended complaint under Rule 6(b)(1)(A). (Doc. No. 10, at 10.) Plaintiff does not respond to Defendants' request. Because the court recommends that certain claims be dismissed and Plaintiff be granted leave to amend, the court further **RECOMMENDS** that the timing of any future responsive pleadings be considered when Plaintiff files an amended complaint.

### CONCLUSION

For the reasons stated herein, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 10) be **GRANTED**, and that Plaintiff's claims against the Individual Defendants under Title VII be **DISMISSED** with prejudice. While the court **RECOMMENDS** that Defendants' motion (Doc. No. 10) be **GRANTED** as to the additional claims raised herein, the

court also **RECOMMENDS** that Plaintiff be granted leave to amend her complaint with respect to those claims. Defendants should be permitted to file a responsive pleading upon the timely filing of Plaintiff's amended complaint in accordance with the Federal Rules of Civil Procedure.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 8th day of February, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

10