IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHENETRAL EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>EAST TEXAS FAMILY MEDICINE, PA, et al.,<br><br>    Defendants. | Case No. 6:22-cv-374-JDK |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Chenetral Evans filed this civil action alleging race discrimination, retaliation, and hostile work environment. Before the Court is Defendants East Texas Family Medicine, PA, Sidney Chadwell, Dean French, John M. Klien, and Allen Mills's motion to dismiss Plaintiff's first amended complaint. Docket No. 10. The Court referred the motion to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and a recommendation for disposition. Docket No. 13.

On February 8, 2023, Judge Love issued a Report and Recommendation recommending that the Court grant Defendants' motion, dismiss Plaintiff's Title VII claims against Defendants Sidney Chadwell, Dean French, John M. Klien, and Allen Mills (the "Individual Defendants") with prejudice, and grant Plaintiff leave to amend her First Amended Complaint. Docket No. 10. Plaintiff timely objected. Docket No. 15.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

1

U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff first objects to the Magistrate Judge's finding that she failed to state a claim because Federal Rule of Civil Procedure 8(a) requires only a short and plain statement showing that the plaintiff is entitled to relief sufficient to provide the defendant with fair notice of the claim.  Docket No. 15 at 1.  For nearly fifteen years, however, federal courts have followed the plausibility standard for pleadings, which requires a plaintiff to allege sufficient facts to state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  Merely identifying the legal basis of the claims and stating a few potentially relevant facts, as Plaintiff did here, is insufficient to state a claim.  Plaintiff must plead facts articulating *how* Defendants violated the applicable law.  Accordingly, this objection fails.

Plaintiff next objects to the dismissal of her retaliation claim against East Texas Family Medicine.  Docket No. 15 at 1–2.  Specifically, Plaintiff challenges a footnote in the Report suggesting that if Plaintiff intended to abandon her retaliation claim against East Texas Family Medicine, as evidenced by her failure to respond to Defendants' arguments concerning the claim in the motion to dismiss, then she need not include a

2

retaliation claim against East Texas Family Medicine in her amended complaint.  Docket No. 14, at 6 n.2.  The Magistrate Judge recommended that the Court grant Plaintiff's request for leave to amend with respect to all claims challenged by Defendants except for her Title VII claims against the Individual Defendants.  *Id.* at 9–10.  This includes her retaliation claim against East Texas Family Medicine.  *Id.*  Accordingly, this objection is overruled as moot.

Finally, Plaintiff objects to the Magistrate Judge's finding that she failed to state a claim against the Individual Defendants under 42 U.S.C. § 1981.  Docket  No. 15 at 2.  Plaintiff contends that she identified Defendant Dean French as the registered agent, but that is insufficient to state a claim that French is subject to individual liability under Section 1981.   A registered agent is an individual who receives service of process on behalf of a business entity.  *See* Fed. R. Civ. P. 4(h)(1)(B).  Moreover, if Plaintiff is contending that Dean French was the Individual Defendant whose actions gave rise to individual liability, that would tend to support the Magistrate Judge's finding that Plaintiff failed to plead sufficient allegations to support a claim under Section 1981 for the remaining Individual Defendants.   The Magistrate Judge recommended that Plaintiff be granted leave to amend her  complaint regarding her claim for individual liability under Section 1981.  Plaintiff does not directly object to the Magistrate Judge's recommendation, and the Court finds that the Magistrate Judge acted within his discretion in granting leave. Accordingly, this objection is without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.  Accordingly, the Court hereby

3

**ADOPTS** the Report of the Magistrate Judge (Docket No. 14) as the opinion of the District Court. The Court **GRANTS** Defendants' motion to dismiss (Docket No. 10) as to Plaintiff's race discrimination and retaliation claims against East Texas Family Medicine. The Court **GRANTS** Defendants' motion to dismiss (Docket No. 10) as to all claims against the Individual Defendants. Plaintiff's Title VII claims against the Individual Defendants are **DISMISSED** with prejudice for failure to state a claim. Plaintiff's request for leave to amend is **GRANTED** with respect to all challenged claims except for the Title VII claims against the Individual Defendants. Plaintiff shall file her amended complaint by **March 15, 2023**. Thereafter, Defendants shall file a responsive pleading pursuant to the Federal Rules of Civil Procedure. Because Plaintiff filed an amended complaint, Docket No. 8, Defendants' Motion to Dismiss (Docket No. 5) is **DENIED** as moot.

So **ORDERED** and **SIGNED** this **2nd**  day of **March, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE