IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHENETRAL EVANS, § | |
| § | |
| § | CIVIL ACTION NO. 6:22-CV-00374-JDK |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| EAST TEXAS FAMILY MEDICINE, PA, § | |
| MD DEAN FRENCH, MD ALLEN § | |
| MILLS, MD JOHN M. KLIEN, DO § | |
| SIDNEY CHADWELL, § | |
| § | |
| Defendants. | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Before the court is Defendants Dean French, MD and East Texas Family Medicine, PA's ("Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. No. 19.) Plaintiff Chenetral Evans has filed a response. (Doc. No. 21.) Upon consideration of the parties' arguments, the court **RECOMMENDS** that Defendants' motion (Doc. No. 19) be **DENIED** as set forth herein.

BACKGROUND

Plaintiff filed this action against Defendants on September 23, 2022. (Doc. No. 1.) Thereafter, on December 5, 2022, Plaintiff filed a first amended complaint, alleging claims of race discrimination, retaliation, and hostile work environment pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-(2)(a), -3(a) ("Title VII") and 42 U.S.C. § 1981. (Doc. No. 8.) Defendants Dean French, MD, Allen Mills, MD, John M, Klien, MD, and Sidney Chadwell, DO ("Individual Defendants") and East Texas Family Medicine, PA, filed a motion to dismiss Plaintiff's race

1

discrimination and retaliation claims against East Texas Family Medicine and all claims against the Individual Defendants for failure to state a claim pursuant to Rule 12(b)(6). (Doc. No. 10, at 2.) The court granted Defendants' motion finding that Plaintiff failed to state a claim for race discrimination and retaliation against East Texas Family Medicine and failed to state a claim for race discrimination, retaliation, and hostile work environment against the Individual Defendants. (Doc. Nos. 14; 17.) The court also granted Plaintiff's request for leave to file a second amended complaint with respect to all claims except the Title VII claims against the Individual Defendants. *Id.* On March 14, 2023, Plaintiff filed a second amended complaint against East Texas Family Medicine and Dr. Dean French, MD,[1] which is the live complaint in this action. (Doc. No. 18.)

Plaintiff's second amended complaint alleges that she is an African American female who was formerly employed by East Texas Family Medicine for eighteen years in various positions ranging from medical assistant to charge nurse under the supervision of Dr. French. *Id.* at ¶ 7. She maintains that she was terminated for advocating for Black Lives Matter ("BLM") on her personal social media page outside of work. *Id.* at ¶¶ 8–9. Plaintiff alleges that after observing her posts concerning BLM, Dr. French asked Plaintiff to refrain from posting about BLM as he was concerned it would offend some of his patients and negatively affect his business. *Id.* at ¶ 12. Plaintiff contends that Dr. French told her that BLM was stupid and a waste of time, white men were also killed by black police, George Floyd's death was no different, and President Barack Obama ruined America. *Id.* at ¶ 15. He then informed her that racism did not exist and asked if Plaintiff thought he was racist. *Id.*

---

[1] Plaintiff did not include the remaining Individual Defendants in her second amended complaint. (Doc. No. 18, at 1.) The court therefore recommends that Defendants Allen Mills, MD, John M. Klien, MD, and Sidney Chadwell, DO be dismissed from this action.

Plaintiff alleges that after this conversation, Dr. French stopped all verbal communication with Plaintiff and communicated via sticky notes or through third persons. *Id.* at ¶ 16. She further alleges that Dr. French requested she arrive ten minutes before her scheduled shift but did not alter the arrival time of white employees in the same position. *Id.* at ¶ 13. Plaintiff also asserts that Dr. French scolded her for being four minutes late to work, when he has never reprimanded her for similar behavior in the past and did not reprimand similarly situated white employees for being late. *Id.* at ¶ 16. Plaintiff maintains that she tried to explain to Dr. French and other supervisors how Dr. French's behavior made her feel, but they declined to do anything about it because Dr. French was in charge. *Id.* at ¶¶ 18–20. Plaintiff also maintains that Dr. French's behavior caused other employees to ignore her, which made her feel unwelcome in her workplace. *Id.* at ¶ 18. Plaintiff alleges that after her supervisors refused to stop Dr. French's unfair treatment, she informed Dr. French that she wanted to retire, but he refused to accept her retirement, which forced her to resign. *Id.* at ¶¶ 20, 25. Plaintiff contends that she was wrongfully terminated because she was an African American woman advocating for BLM. *Id.* at ¶ 21. She also asserts that white employees who advocated for BLM on and off the job did not experience the same unfair treatment from Dr. French. *Id.*

Plaintiff brings claims against Defendants for race discrimination, retaliation, and hostile work environment under Title VII and Section 1981. *Id.* at ¶ 23. Defendants move to dismiss Plaintiff's race discrimination and retaliation claims against East Texas Family Medicine and all claims against Dr. French. (Doc. No. 19, at 3.) Defendants also request an extension of time to answer Plaintiff's second amended complaint on the remaining claims. *Id.* at 10. Plaintiff requests leave to amend her complaint if the court finds that she failed to state a claim on any of the challenged claims. (Doc. No. 21, at 3.)

**LEGAL STANDARD**

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**DISCUSSION**

**A. Race Discrimination Claim Against East Texas Family Medicine**

Defendants contend that Plaintiff's race discrimination claim under Title VII and Section 1981 should be dismissed because Plaintiff fails to allege that East Texas Family Medicine discriminated against her because of her race. (Doc. No. 19, at 4.) Defendants also argue that Plaintiff's associational discrimination claim should be dismissed because she fails to allege that she was terminated because of her own race. *Id.* at 7.

Title VII makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). There are two theories of liability for discrimination under Title VII: disparate impact and disparate treatment. Plaintiff's claims proceed under the disparate treatment theory. (Doc. No. 18, at ¶¶ 13, 20.) To state a claim under the disparate treatment theory, a plaintiff must show that her employer intentionally treated her unfairly because of her race. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1523 (5th Cir. 1993); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Thus, Plaintiff must allege sufficient facts to support a claim that she suffered adverse employment action because of her race. *See* 42 U.S.C. § 2000e-2(a)(1).

Section 1981 guarantees that all persons in the United States have the same contractual rights as white citizens. 42 U.S.C. § 1981(a). The statute only applies to race discrimination and race-based retaliation claims. *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 344 (5th Cir. 1981); *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 339 (5th Cir. 2003). Like Title VII, to state a claim under Section 1981, the plaintiff must show that she suffered adverse employment action because of her race. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n.2 (5th Cir. 1996); *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

The Fifth Circuit has also recognized associational race discrimination claims under Title VII and Section 1981. *See Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 249 (5th Cir. 2009). Associational race discrimination claims are predicated on an employer's racial animus towards an employee because of her association with persons of a certain race. *Id.* at 250; *see, e.g.*, *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 156 F.3d 581, 588–89, (5th Cir. 1998), *reh'g en banc granted, opinion vacated sub nom. Williams v. Wal-Mart Stores, Inc.*, 169 F.3d 215 (5th Cir. 1999), and *opinion reinstated on reh'g sub nom. Williams v. Wal-Mart Stores, Inc.*, 182 F.3d 333 (5th Cir. 1999) (finding associational discrimination where a white employee was terminated because she was in an interracial relationship).

Here, Plaintiff alleges that she was subject to unfair treatment and forced to resign because she was an African American woman advocating for black persons outside of work. (Doc. No. 18, at ¶¶ 12–21.) She also alleges that similarly situated white employees who advocated for black persons on and off the job did not receive the same unfair treatment by Dr. French. *Id.* at ¶ 21. Accepting these facts as true and viewing them in the light most favorable to Plaintiff, the court finds that Plaintiff's allegations that she was terminated because she is black and associated with black persons sufficiently state a claim for associational race discrimination against East Texas Family Medicine.

Citing *Frith v. Whole Foods Market, Inc.*, 38 F.4th at 263 (1st Cir. 2022), Defendants argue that there is an alternative explanation for Dr. French's actions because he wanted to prevent the mass expression of a controversial message to his patients. (Doc. No. 19, at 6.) Although not bound by out of circuit precedent, the court finds this case distinguishable. In *Frith*, the plaintiffs were disciplined for wearing BLM face masks while at work. *Id.* at 267. The employer had a policy in place that prevented employees from wearing clothing items with visible slogans. *Id.* Although the

policy was generally unenforced prior, the First Circuit found that the plaintiffs failed to state a claim for associational discrimination because there was a non-race-based explanation for the employer's actions, namely that the plaintiffs engaged in a coordinated effort to wear BLM masks as opposed to previous unilateral attempts at wearing visible slogans, and the employer wanted to prevent the mass expression of controversial messages in the workplace. *Id.* at 267, 275–76. Here, Plaintiff was not advocating for BLM during work hours. Rather, it was via her personal social media page outside of work. Her advocacy also did not involve any other employees. Additionally, Plaintiff alleges that other white employees also advocated for BLM both on and off the clock but did not receive the same unfair treatment as Plaintiff. Thus, there is no clear non-race-based explanation for Defendants' actions, and this argument is unavailing. The court finds that Plaintiff has met her pleading burden with respect to her race discrimination claim under Title VII and Section 1981 against East Texas Family Medicine.

### B. Retaliation Claim Against East Texas Family Medicine

Defendants argue that Plaintiff's retaliation claim against East Texas Family Medicine should be dismissed because she did not allege facts supporting that her social media posts were protected activity under Title VII. (Doc. No. 19, at 8–9.) Plaintiff contends that she does not need to allege facts showing that her social media posts were protected activity because she was discriminated against because of her race. (Doc. No. 21, at 1.)

Discrimination and retaliation are separate claims, even though they are brought under the same acts. Thus, even if Plaintiff states a claim for race discrimination, she does not automatically state a claim for retaliation under the same law. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–60 (2013). To state a claim for retaliation under Title VII or Section 1981, Plaintiff must show that she participated in activity protected by Title VII and suffered adverse employment

action because of it. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). An employee has engaged in protected activity if she has: (1) opposed any unlawful employment practice; or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e–3(a); *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 427–28 (5th Cir. 2000). Unlike discrimination claims, adverse employment action for purposes of a retaliation claim is not limited to "ultimate employment decisions." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006); *see Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (noting that for discrimination purposes, adverse employment action consists of "*ultimate employment decisions* such as hiring, granting leave, discharging, promoting, and compensating" (citation omitted)). Rather, under the anti-retaliation provisions of Title VII and Section 1981, an employer's action is adverse if it would dissuade a reasonable employee from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 67–68; *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826 (5th Cir. 2019).

Regarding her retaliation claim, Plaintiff alleges that she was terminated in retaliation for her involvement in BLM. (Doc. No. 18, at ¶ 8.) She also alleges that she was forced to resign because of her opposition to Dr. French's discriminatory practices. *Id.* at ¶ 25. Because Plaintiff's amended complaint fails to delineate an asserted protected activity, it is unclear whether the alleged protected activity Plaintiff engaged in was advocating for BLM in her personal time or informing her supervisors that she felt she was being treated unfairly.

As an initial matter, advocating for BLM outside of work is not a protected activity because it was not in opposition to an unlawful employment practice nor was it participation in an investigation, proceeding, or hearing. *See Byers,* 209 F.3d at 427–28. On the other hand, Plaintiff's alleged conversation with her supervisors that she thought Dr. French was treating her unfairly

8

could be considered a protected activity because she was opposing an unlawful employment practice. *See E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016) (noting that the employee was not required to prove the practice complained of was unlawful, it was enough that the employee reasonably believed the practice was unlawful).

Plaintiff also alleges that she suffered adverse employment action because Dr. French treated her unfairly by making her arrive early to work, reprimanding her for arriving late, and stopping all verbal communication with her. (Doc. No. 18, at ¶¶ 13, 16.) She asserts that similarly situated white employees who engaged in BLM advocacy on and off the clock did not receive the same unfair treatment. *Id.* at ¶ 21. Plaintiff further alleges that Dr. French refused to change his behavior when confronted about it, eventually forcing Plaintiff to resign. *Id.* at ¶¶ 18–20, 25. At the pleading stage, it is difficult for the court to parse out the alleged adverse employment actions that suggest discriminatory intent and the alleged actions that suggest retaliatory intent, and Defendants do not challenge the causal connection between the alleged protected activity and adverse employment action. *See Smith v. Xerox Corp.*, 371 F. App'x. 514, 520 (5th Cir. 2010) (noting that "the existence of a causal link between a protected activity and an adverse employment action is a 'highly fact specific' and difficult question" (quoting *Nowlin v. Resol. Tr. Corp.*, 33 F.3d 498, 508 (5th Cir. 1994))). The court therefore finds that Plaintiff has pleaded sufficient facts to state a claim for retaliation that is plausible on its face.

### C. All Claims Against Dr. French

Defendants contend that the court should dismiss all claims against Dr. French because Title VII does not provide for individual liability, and the court previously dismissed Plaintiff's Title VII claims against the Individual Defendants. (Doc. No. 19, at 9.) Plaintiff does not respond to Defendants' argument.

As Defendants contend, the court previously dismissed Plaintiff's Title VII claims against the Individual Defendants with prejudice because the Fifth Circuit does not recognize individual liability under Title VII. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). (Doc. No. 14, at 7, 9.) Plaintiff therefore fails to state a claim against Dr. French under Title VII. But Plaintiff also brings her race discrimination, hostile work environment, and retaliation claims against Dr. French under Section 1981. (Doc. No. 18, at ¶ 23.) As the court noted in its previous decision, Section 1981 provides for individual liability in certain circumstances. *See Faraca v. Clements*, 506 F.2d 956, 958–60 (5th Cir. 1975) (Doc. No. 14, at 7.) The court previously dismissed Plaintiff's claims against the Individual Defendants under Section 1981 without prejudice because Plaintiff referred to an unidentified defendant throughout her first amended complaint and did not allege any facts supporting individual liability. (Doc. No. 14, at 7–10.) Plaintiff's second amended complaint, however, removed all the Individual Defendants besides Dr. French and alleged facts suggesting that Dr. French subjected Plaintiff to unfair treatment to support individual liability. (Doc. No. 18, at ¶¶ 12–20.) Defendants do not present any arguments as to why Plaintiff's allegations fail to state a claim for race discrimination, hostile work environment, or retaliation against Dr. French under Section 1981. Accordingly, the court declines to dismiss the claims against Dr. French under Section 1981.

### D. Defendants' Request for Extension of Time to Respond to Plaintiff's Second Amended Complaint

Defendants request an extension of time to file an answer to the remaining claims in Plaintiff's second amended complaint under Rule 6(b)(1)(A). (Doc. No. 19, at 10–11.) Plaintiff does not respond to Defendants' request. Given Plaintiff's failure to register an objection to Defendants' request, the court **RECOMMENDS** that Defendants' request for time to file an

answer to Plaintiff's second amended complaint be **GRANTED** and that Defendants shall have fourteen days to file an answer to Plaintiff's second amended complaint.

## CONCLUSION

For the reasons stated herein, the court **RECOMMENDS** that Defendants' motion to dismiss (Doc. No. 19) be **DENIED**. The court also **RECOMMENDS** that the remaining Defendants excluded from Plaintiff's second amended complaint, Allen Mills, MD, John M, Klien, MD, and Sidney Chadwell, DO, be dismissed from this action. Plaintiff's race discrimination, hostile work environment, and retaliation claims under Title VII and Section 1981 against East Texas Family Medicine remain pending. Plaintiff's race discrimination, hostile work environment, and retaliation claims under Section 1981 against Dr. French also remain before the court.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 25th day of April, 2023.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

11